IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNIÓN DE TRONQUISTAS DE PUERTO RICO, LOCAL 901<br><br>Francisco Vega<br><br>Plaintiff<br><br>v.<br><br>PEPSI COLA PUERTO RICO DISTRIBUTING<br><br>Defendant | Civil No.<br><br>Notice of removal pursuant to Section 301 of the LMRA. Re: Union's petition to vacate arbitration award issued by Maité A. Alcántara Mañaná in case nos. A-18-392, filed in the First Instance Court of Puerto Rico, SanJuan Part, Civil No. SJ2021CV01956. |

**NOTICE OF REMOVAL**

**TO THE HONORABLE COURT:**

COMES NOW the defendant, PEPSI COLA PUERTO RICO DISTRIBUTING (hereinafter referred to as "Pepsi" or "defendant"), through the undersigned attorneys, and respectfully states and prays:

Pepsi removes this action, now pending in the courts of the Commonwealth of Puerto Rico, First Instance Court, San Juan Part, Civil Case No. SJ2021CV01956, to the United States District Court for the District of Puerto Rico. As grounds for the removal, Pepsi states as follows:

1. The plaintiff, Unión de Tronquistas de Puerto Rico, Local 901 (hereinafter referred to as "Unión de Tronquistas" or "the Union"), is a labor organization representing employees in an industry affecting commerce. As such, Unión de Tronquistas is a labor organization per defined in 29 U.S.C. §152(5) of the Labor Management Relations Act ("LMRA").

2. Defendant, Pepsi, is an employer per defined in 29 U.S.C. §152(2) of the LMRA.

3. Pepsi and the Union are parties to a collective bargaining agreement (hereinafter referred to as the "CBA"), under which the Union filed a grievance process against Pepsi, in

representation, and for the benefit, of one of its members, Francisco Vega (hereinafter referred to as "Vega" or "the grievant") challenging Vega's employment termination on August 1, 2017, in Case No. A-18-392.

4. On February 26th, 2021, the Arbitrator, Maité A. Alcántara Mañaná, issued an Award (hereinafter referred to as the "Award"), ruling that Vega's August 1, 2017 termination was justified in accordance with the CBA, the Pepsi's Rules of Conduct, and the applicable law, inasmuch as the evidence confirmed that he: violated Pepsi's rules regarding insubordination and the failure to follow written and verbal procedures.

5. On March 26th, 2021, the Union filed a Petition for Review of the Award in the courts of the Commonwealth of Puerto Rico, specifically, the First Instance Court, San Juan Part, in the case of <u>Unión de Tronquistas de Puerto Rico, Local 901</u> v. <u>Pepsi Cola Puerto Rico</u>, SJ2021CV01956. Copy of the Petition for Review was received by Pepsi on March 26, 2021.[1] By means of its petition, the Union seeks to set aside and annul the Award, arguing that the Arbitrator acted incorrectly when she determined that the Vega's termination was justified pursuant to the evidence, the applicable law and the CBA. Thus, the Union's Petition for Review clearly hinges on the interpretation of the CBA inasmuch as, in order for the Court to determine if it can vacate the Award, it must necessarily interpret and analyze the terms of the CBA.

6. Therefore, removal of this civil action is proper, inasmuch as the Court has jurisdiction over this matter pursuant to 29 U.S.C. §185, Section 301 of the LMRA. See <u>Katir</u> v. <u>Columbia University</u>, 821 F.Supp. 900, 901 (S.D.N.Y. 1993), affirmed in 15 F.3d 23 (2nd Cir. 1994) ("An action to vacate an arbitration award falls within" Section 301 of the LMRA, 29 U.S.C. §185); <u>Santiago Sánchez</u> v. <u>Gate Engineering, Corp.</u>, 193 F.Supp. 2d 392 (D.C. Puerto Rico 2002); <u>Espino</u>

---

[1] Thus, this Notice of Removal is timely pursuant to 28 U.S.C. §1446. This Notice is being filed within thirty (30) days of defendant's receipt of the petition.

v. Volkswagen de Puerto Rico, 289 F.Supp. 979 (D.C. Puerto Rico 1968). Section 301 of the LMRA allows a "[s]uit for violations of contracts between an employer and a labor organization representing employees in an industry affecting commerce." 29 U.S.C. § 185 (a). Moreover, a state law claim implicating rights and duties under a CBA is preempted under § 301 if it basically is a claim of rights under the CBA. See Fant v. New England Power Service Co., 239 F.3d 8, 14 (1st Cir. 2001). Section 301 preempts state law claims if they require an interpretation of a collective bargaining agreement. Lingle v. Norge Division of Magic Chef, Inc., 486 U.S. 399, 409 (1988).

7. The First Circuit has held that Section 301 preemption exists if "a court, in passing upon the claim, would be required to interpret the collective bargaining agreement. In practice, this test boils down to whether the asserted state-law claim plausibly can be said to depend upon the meaning of one or more provisions within the collective bargaining agreement." Filbotte v. Pennsylvania Truck Lines, Inc., 131 F.3d 21, 26 (1st Cir. 1997). Said preemption of state law claims is due because "[t]he possibility that individual contract terms might have different meanings under state and federal law would inevitably exert a disruptive influence upon both the negotiation and administration of collective agreements." Teamsters Local 174 v. Lucas Flour Co., 369 U.S. 95, 103 (1985).

8. Section 301 has "authoritatively been held to grant jurisdiction to the federal courts todetermine whether or not an arbitrator, acting pursuant to a collective bargaining agreement, exceeded his authority in making an award." Procter & Gamble Mfg. Co. v. Independent Oil and Chemical Workers, 386 F.Supp. 213, 215 (D.C. Md. 1974). See also Ramos Santiago v. U.P.S., 2006 WL 538813 (D.P.R. 2006) (finding that Section 301 (a) created subject matter jurisdiction overan action to vacate an arbitration award); Santiago Sánchez v. Gate Engineering Corp., 193 F.Supp.2d 392 (D.P.R. 2002); Burns Int'l. Sec. Servs., Inc. v. Int'l Union, 47 F.3d 14 (2nd Cir. 1995).

9. A case may be removed to federal court if it presents a "claim or right arising under the Constitution, treatises or laws of the United States." 28 U.S.C. § 1441(b). Furthermore, unless otherwise expressly provided by Act of Congress, any civil action brought in a state court over which the district courts of the United States have original jurisdiction may be removed by the defendant to the District Court of the United States. 28 USC § 1441(a). Therefore, removal of this civil action is proper.

10. The only papers, pleadings, or orders that have been served upon the defendant in this case is the Union's Petition for Review, along with its corresponding exhibits. Copy of such document is hereby attached in its original Spanish language version as Exhibit A.

11. On this date, Pepsi will file a motion in the First Instance Court of Puerto Rico, San Juan Part, informing the state court of the filing of this notice of removal.

**WHEREFORE**, Pepsi gives notice of the removal of this action pursuant to Sections 1441 and 1446 of Title 28, United States Code, and requests that this cause of action proceed before this Court as an action properly removed.

**RESPECTFULLY SUBMITTED.**

WE HEREBY CERTIFY that on April 15, 2021, a true and exact copy of this document was served via certified mail, return receipt requested, to: **José E. Carreras Rovira**, Calle Del Parque #352, Pda. 23, San Juan, P.R. 00912; Ricardo Goytia, P.O. Box 360381, San Juan, P.R. 00936-0381; **Ricardo Goytia**, P.O. Box 360381, San Juan, P.R. 00936-0381, and **Mrs. Maité A. Alcántara Mañaná**, Arbitrator, Bureau of Conciliation and Arbitration, Puerto Rico Department of Labor and Human Resources, Muñoz Rivera Avenue 505, Hato Rey, PR 00918; and that the same was filed in the First Instance Court, San Juan Part, Case No SJ2021CV01956.

In San Juan, Puerto Rico, this 15 day of April 2021.

s/ José A. Silva Cofresí

José A. Silva Cofresí
USDC-PR 123506

s/Nicole Rodríguez Ugarte
Nicole Rodríguez Ugarte
USDC-PR No. 230612

**SILVA-COFRESÍ, MANZANO & PADRÓ, L.L.C.**
P.O. Box 364187
San Juan, Puerto Rico 00936-4187
Tel. (787) 945-0381 / 0383
Fax: (787) 945-0399
E-mail: jsilva@scmplex.com
         nrodriguez@scmplex.com

5